IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2008 MAR 26  A 9: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CHERYL HALL FRAZIER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 1:08-CV-221-MHT |
| ARGENT MORTGAGE COMPANY, LLC., | ) |
| Defendant. | ) DEMAND FOR JURY TRIAL |

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action against a mortgage lender for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 ('TILA'), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction) and 15 U.S.C. § 1640 (Truth in Lending Act). Defendant is a Delaware Corporation and does business in the Middle District of Alabama.

### PARTIES

3. Plaintiff, Cheryl Hall Frazier, "Mrs. Frazier", owns and resides in a home at 105 TV Road, Dothan AL 36301.

4. Defendant Argent Mortgage Company, LLC, "Argent" is incorporated in Delaware and its principle address is 1100 Town & Country Road, Suite 900, Orange, California

92868.

## FACTUAL ALLEGATIONS

5. On September 9, 2005, Mrs. Frazier obtained a $80,700 mortgage loan from Defendant.

6. The loan was obtained for personal, family or household purposes, namely, the refinancing of prior debts incurred for such purposes.

7. In connection with the September 9th 2005 transaction Mrs. Frazier signed or received the following documents:

    a. A settlement statement on form HUD-1 and

    b. A Truth in Lending disclosure statement, designating Argent as the lender.

8. All of these documents were provided at the closing.

9. The Truth-in-Lending disclosure statement is defective in that it understates the finance charge by more than ½ of 1% of the amount of the loan.

10. In addition, the Truth-in-Lending disclosure understates the finance charge by more than $433.50.

11. Since a foreclosure was initiated the tolerance for rescission is $35.00.

## RIGHT TO RESCIND

12. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of the home, it was subject to the right to cancel provided by (a) 15 U.S.C. §1635 and 12 C.F.R. §226.23.

17. Section 226.23 provides:

    (a) <u>Consumer's right to rescind.</u>

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires….

13. Plaintiff has given notice of her election to rescind.

14. 15 U.S.C. § 1635(g) provides:

    Additional relief

> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

### COUNT I- INDIVIDUAL CLAIM

15. Plaintiff incorporates the relevant paragraphs above.

16. Plaintiff is entitled to rescind her transaction.

WHEREFORE, Plaintiff requests that the Court grant the following relief in favor of Plaintiff and against Defendant:

a. A judgment voiding Plaintiff's mortgage, capable of recordation in the public records;

b. Statutory damages;

c. A judgment declaring what obligation if any Plaintiff has toward Defendant;

d. Attorney's fees, litigation expenses and costs of suit;

e. Such other or further relief as the Court deems proper.

Respectfully submitted this 25th day of March, 2008.

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiffs
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@alalaw.com

**PLAINTIFFS REQUEST A TRIAL BY JURY**

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004438
Cashier ID: khaynes
Transaction Date: 03/26/2008
Payer Name: EARL P UNDERWOOD JR
--------------------------------------
CIVIL FILING FEE
 For: EARL P UNDERWOOD JR
 Amount:         $350.00
--------------------------------------
CHECK
 Check/Money Order Num: 6143
 Amt Tendered: $350.00
--------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

FRAZIER V. ARGENT MORTGAGE COMPANY,
LLC
```