# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHERYL HALL FRAZIER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| V. ) | **CASE NO.:1:08-CV-221-MHT** |
| ) | |
| **ARGENT MORTGAGE** ) | |
| **COMPANY, LLC.,** ) | |
| ) | |
|     **Defendant.** ) | |

## MOTION TO STAY

COMES NOW the Plaintiff and moves this Honorable Court to stay this case and as grounds in support of this motion the Plaintiff states as follows:

1. On May 7, 2008 the plaintiff filed a Notice of Potential Tag-along Action with the Judicial panel on multidistrict Litigation which would transfer this case to the Northern District of Illinois for consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407.

2. A copy of the Notice of Potential Tag-along Action is filed herewith as exhibit 1.

3. Plaintiff expects a transfer order to be entered in the near future.

4. No prejudice will result to any party by the granting of the stay.

5. If the stay is not granted however Plaintiff will be required to respond to the defendant's motion to dismiss on May 16th 2008, raising the possibility of inconsistent rulings on issues included therein.

Wherefore, premises considered, the Plaintiff respectfully moves the court to stay the briefing and ruling on the defendants motion to dismiss, enforcement of the applicable Federal and local rules pending the final transfer order and for such other relief as may be appropriate.

DATED this 7th day of May, 2008

/s_Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiff
Law Offices of Earl P. Underwood, Jr.
PO Box 969
Fairhope, Alabama 36533
Telephone: 251-990-5558
Facsimile: 251-990-0626
epunderwood@alalaw.com

CERTIFICATE OF SERVICE

I hereby certify that on May 7th 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following:

Stephen J. Bumgarner
Burr & Forman LLP
3400 Wachovia Tower
420 North 20th St.
Birmingham AL 35203

/s Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

## BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

In re: AMERIQUEST MORTGAGE CO.    )
MORTGAGE LENDING PRACTICES        )
LITIGATION                                      )    MDL Docket No. 1715
                                                       )
                                                       )

## NOTICE OF POTENTIAL TAG-ALONG ACTIONS

PLEASE TAKE NOTICE that, pursuant to J.P.M.L. Rules 7.2(i) and 7.5(e), the undersigned counsel for the plaintiffs gives notice of the following potential tag-along actions:

1. *Cheryl Hall Frazier, v. Argent Mortgage Company, LLC*

    Case No. 1:08-cv-00221-MHT (Middle District of Alabama, Southern Division) Judge Myron H.

Thompson, presiding. A true and correct copy of the complaint in the Tag-along Action is attached as Exhibit A.

Plaintiff in this Tag-along Action is a plaintiff in the putative national class actions transferred by the Panel to the Northern District of Illinois for consolidated and coordinated pretrial proceedings (the "Borrowers' Consolidated Class). This Tag-along Action alleges the same general conduct, claims the same injury and seeks the same relief as the Borrowers' Consolidated Class Action. Likewise, this Tag-along Action relies upon the same legal theories, requires the same or similar factual determinations, and is governed by the same law.

Therefore, the Plaintiff respectfully requests that the Panel transfer this Tag-along Action to the Northern District of Illinois pursuant to J.P.M.L. Rule 7.4.

Respectfully Submitted this 7th day of May, 2008.

                                EARL P. UNDERWOOD, JR.
                                Counsel for Plaintiff
                                Law Offices of Earl P. Underwood, Jr
                                Post Office Box 969
                                Fairhope, AL 36533-0969
                                251-990-5558 (T)
                                251-990-0626 (F)
                                epunderwood@alalaw.com

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this the 7th day of May, 2008, a copy of the foregoing was served on counsel for all parties to this proceeding by placing a copy of same in the U.S. Mail, properly addressed and first-class postage prepaid to:

Stephen J. Bumgarner
Burr & Forman LLP
3400 Wachovia Tower
420 North 20th St.
Birmingham AL 35203

                                                                         Earl P. Underwood, Jr.

**EX. A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2008 MAR 26 A 9: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CHERYL HALL FRAZIER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 1:08-CV-221-MHT |
| ARGENT MORTGAGE COMPANY, LLC., | ) |
| Defendant. | ) **DEMAND FOR JURY TRIAL** |

### COMPLAINT

#### INTRODUCTION

1. Plaintiff brings this action against a mortgage lender for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 ('TILA'), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

#### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction) and 15 U.S.C. § 1640 (Truth in Lending Act). Defendant is a Delaware Corporation and does business in the Middle District of Alabama.

#### PARTIES

3. Plaintiff, Cheryl Hall Frazier, "Mrs. Frazier", owns and resides in a home at 105 TV Road, Dothan AL 36301.

4. Defendant Argent Mortgage Company, LLC, "Argent" is incorporated in Delaware and its principle address is 1100 Town & Country Road, Suite 900, Orange, California

92868.

## FACTUAL ALLEGATIONS

5.  On September 9, 2005, Mrs. Frazier obtained a $80,700 mortgage loan from Defendant.

6.  The loan was obtained for personal, family or household purposes, namely, the refinancing of prior debts incurred for such purposes.

7.  In connection with the September 9th 2005 transaction Mrs. Frazier signed or received the following documents:

    a.  A settlement statement on form HUD-1 and

    b.  A Truth in Lending disclosure statement, designating Argent as the lender.

8.  All of these documents were provided at the closing.

9.  The Truth-in-Lending disclosure statement is defective in that it understates the finance charge by more than ½ of 1% of the amount of the loan.

10. In addition, the Truth-in-Lending disclosure understates the finance charge by more than $433.50.

11. Since a foreclosure was initiated the tolerance for rescission is $35.00.

## RIGHT TO RESCIND

12. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of the home, it was subject to the right to cancel provided by (a) 15 U.S.C. §1635 and 12 C.F.R. §226.23.

17. Section 226.23 provides:

(a) <u>Consumer's right to rescind</u>.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires....

13.   Plaintiff has given notice of her election to rescind.

14.   15 U.S.C. § 1635(g) provides:

   Additional relief

> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

### COUNT I- INDIVIDUAL CLAIM

15. Plaintiff incorporates the relevant paragraphs above.

16. Plaintiff is entitled to rescind her transaction.

WHEREFORE, Plaintiff requests that the Court grant the following relief in favor of Plaintiff and against Defendant:

   a. A judgment voiding Plaintiff's mortgage, capable of recordation in the public records;

   b. Statutory damages;

   c. A judgment declaring what obligation if any Plaintiff has toward Defendant;

   d. Attorney's fees, litigation expenses and costs of suit;

   e. Such other or further relief as the Court deems proper.

Respectfully submitted this 25th day of March, 2008.

Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiffs
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@alalaw.com

**PLAINTIFFS REQUEST A TRIAL BY JURY**